**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-50280

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

EMILIO LUNA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Western District of Texas
(W-95-CR-71-1)
_____

January 14, 1997

Before HIGGINBOTHAM, SMITH, and EMILIO M. GARZA, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Emilio Luna appeals his sentence for possession of cocaine with intent to distribute.  We affirm.


I.

Investigators from the Central Texas Narcotics Task Force

_____

[*] Pursuant to 5TH CIR. R. 47.5, we have determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

received information that Luna was distributing cocaine at his home in Belton, Texas. The investigators obtained a search warrant for Luna's residence and attempted to serve it. As Luna drove up to his trailer, he spotted the officers and began to speed awaySSfirst through his front yard, then through a chain-link fence, and finally through the streets of Belton. As they pursued him, the investigators saw Luna first discard white powder through his open driver's door, then later hurl a number of small plastic bags from the driver's window.

The chase ended four to five miles from where it had begun when Luna drove into a cul-de-sac and was taken into custody. The plastic bags also were recovered; they tested positive for cocaine. Because it was raining and much of the cocaine had been spilled into the mud, however, the investigators were unable to determine exactly how much of it Luna had possessed.

Luna pleaded guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). At his sentencing hearing, the district court both denied his request for a downward adjustment in his base offense level for acceptance of responsibility and overruled his objection to a two-level upward adjustment for obstruction of justice.

II.

We first must address Luna's motion to proceed *in forma*

2

*pauperis* ("IFP") on appeal.  The district court appointed counsel for the trial phase of Luna's prosecution under the Criminal Justice Act ("CJA") and thus necessarily determined that Luna was financially unable to obtain adequate representation.  *See* 18 U.S.C. § 3006A(a).  When Luna filed his notice of appeal, the district court issued a 28 U.S.C. § 1915(a) certification that the appeal was not taken in good faith.[1]  This determination, to which we accord considerable weight, raises the issue of whether and under what circumstances Luna may continue his IFP status on appeal.

In *United States v. Boutwell*, 896 F.2d 884 (5th Cir. 1990), we analyzed the interplay between FED R. APP. P. 24(a), the rule on appellate IFP proceedings, 18 U.S.C. § 3006A, the relevant provision of the CJA, and § 1915.[2]  We held that a criminal defendant proceeding IFP is entitled to rights no greater and no less than is one who pays a fee and that IFP status does not insulate a litigant from the requirement that his appeal not be frivolous.  896 F.2d at 889-90.  We also noted that under rule 24(a), a request to proceed IFP need be made only once,

_____

[1] While Luna's appeal was pending, the President signed the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which substantially amended § 1915.  The portion of § 1915 that affects criminal cases has not been changed, however, and the PLRA therefore does not apply to the instant case. *Cf. United States v. Cole*, 101 F.3d 1076, ____ (5th Cir. 1996) (holding that the PLRA does not apply to habeas corpus petitions).

[2] Although *Boutwell* was a one-judge order rather a full panel opinion, under our local rules it is accorded the same precedential weight.  *See* FED R. APP. P. 27(c); 5TH CIR. R. 27.2.4.

"whenever the question first arises." *Id*. at 889 (emphasis deleted).

The issue of whether Luna may continue his IFP status thus hinges on whether his appeal is frivolous. If it is, § 1915(a) and rule 24(a) mandate that he may not proceed IFP. If it is not, rule 24(a) permits him to proceed IFP without further authorization, because he was accorded that status in the court below.

A lawsuit is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31-34 (1992). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that a complaint is legally frivolous if it is based on an "indisputably meritless legal theory"). Luna presents two grounds for appeal, only one of which need be considered to resolve this question.

In arguing that the district court should not have upwardly adjusted his base offense level for obstruction of justice, Luna asserts that it was clearly erroneous to find that his destruction of evidence materially hindered his sentencing. He points out that the government simply could have asked him how much cocaine he destroyed, and he additionally contends that whatever hindrance his destruction of evidence may have caused was immaterial.

Although we do not find these to be particularly strong arguments, they do have sufficient basis to survive the above test. Accordingly, we vacate the certification that this appeal has not

4

been brought in good faith. Luna's IFP status continues in this court because he had it in the district court, and his motion is therefore denied as moot.

III.

The substantive issues in this appeal relate to the district court's application of the sentencing guidelines. As always, we review the district court's factual findings for clear error and its interpretations of the sentencing guidelines *de novo*. *See, e.g., United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir.), *cert. denied*, 117 S. Ct. 77 (1996); *United States v. McCaskey*, 9 F.3d 368, 372 (5th Cir. 1993), *cert. denied*, 511 U.S. 1042 (1994). Consistent with this standard, we have previously held that the factual determination of whether a defendant has obstructed justice is reviewable for clear error. *United States v. Bethley*, 973 F.2d 396, 402 (5th Cir. 1992) (citing *United States v. Paden*, 908 F.2d 1229, 1236 (5th Cir. 1990)), *cert. denied*, 507 U.S. 935 (1993).

A.

Luna contends that the district court erred in increasing his base offense level for obstruction of justice under U.S.S.G. § 3C1.1, which provides that a defendant may receive a two-level increased if he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the

investigation, prosecution, or sentencing of the instant offense."
The commentary to § 3C1.1 provides an extensive but non-exhaustive
list of actions that constitute obstruction. *Id*. comment. (n. 3).
Among these actions is destruction of evidence, which the commen-
tary notes is insufficient independently to support an adjustment
if it occurred at the same time as the defendant's arrest, "unless
it resulted in a material hindrance to the official investigation
or prosecution of the instant offense or the sentencing of the
offender." U.S.S.G. § 3C1.1, comment. (n. 3(d)).

The district court found that attempting to destroy the
cocaine "did constitute a material hindrance to the investigation,
prosecution and sentencing of this case," as it made it consider-
ably more difficult to determine how much cocaine Luna had
possessed. This finding was adopted from the PSR, in which the
writer was forced to estimate the amount of cocaine involved in
Luna's offense with information from Luna's suppliers and the
amount of tainted currency his wife possessed. Luna's argument, in
essence, is to challenge the finding on this issue as clear error.
Because the government could have simply asked him how much cocaine
he threw out the window, he reasons, the fact that he did it was
not a "material hindrance."

This argument is unavailing. In *United States v. Velgar-
Vivero*, 8 F.3d 236 (5th Cir. 1993), *cert. denied*, 511 U.S. 1096
(1994), we rejected a similar challenge to a § 3C1.1 enhancement

6

where the defendant had cast a sock full of bullets into Galveston Bay and chewed a list of phone numbers to pulp. Though tossing cocaine out the window of his car may not have materially impeded Luna's arrest or guilty plea, it did hinder the determination of facts that were crucial to his sentencing. We therefore see no clear error.

B.

Luna also contends that the district court erred in denying him a downward adjustment to his base offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. We note initially that the burden of demonstrating acceptance of responsibility was Luna's, *see United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995), and the refusal to grant this adjustment is entitled to "great deference" on review, *United States v. Vital*, 68 F.3d 114, 120-21 (5th Cir. 1995). *See also United States v. Garcia*, 917 F.2d 1370, 1377 (5th Cir. 1990) (noting that we uphold a sentencing court's decision not to award a § 3E1.1 reduction unless it is "without foundation."). Moreover, it is only in an "extraordinary case[]" that a defendant who has received an upward adjustment for obstruction of justice may be eligible for this downward adjustment as well. *Ayala*, 47 F.3d at 691.

Luna's arguments on this point are meritless. The PSR, which the district court adopted, found that the acceptance-of-responsi-

7

bility adjustment was inappropriate because Luna (1) had lied about when he had begun selling cocaine; (2) had falsely suggested that he had been shot by the investigators; (3) had lied about how many bags of cocaine he discarded; (4) had failed to express remorse or contrition for his actions; and (5) had fled from the investigators and destroyed evidence.  In short, there was abundant justification for denying the adjustment, and the district court did not err in so doing.

AFFIRMED.


Judge Garza concurs in the judgment only.